UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SUZANNE PICERNO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:17-cv-2860 |
| | ) |
| HEARING LAB TECHNOLOGY, LLC | ) |
| and SAM'S EAST, INC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Suzanne Picerno ("Picerno"), brings this action against Defendants, Hearing Lab Technology, LLC ("HLT") and Sam's East, Inc. ("Sam's") (collectively "Defendants"), alleging that Defendants terminated her in violation of her rights as protected by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

## PARTIES

2. Picerno has at all times resided in the Southern District of Indiana.

3. HLT is a limited liability company with its principal place of business in Texas and which does business in the Southern District of Indiana.

4. Sam's is a for-profit corporation with its principal place of business in Arkansas and which does business in the Southern District of Indiana.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Picerno's ADA claim pursuant to 28 U.S.C. § 1331.

6. Picerno is an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7. HLT is an "employer" as that term is defined by 42 U.S.C. § 12111(5).

8. Sam's is an "employer" as that term is defined by 42 U.S.C. § 12111(5).

9. Picerno satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the EEOC on or around October 6, 2016. Picerno received her right-to-sue notice from the EEOC on or around May 23, 2017, and now timely files this lawsuit.

10. Venue is proper in this Court pursuant to 29 U.S.C. § 1391, because all facts, events, and transactions giving rise to this lawsuit occurred in Bloomington, Indiana, which is located in the Southern District of Indiana, Indianapolis Division.

## FACTUAL ALLEGATIONS

11. Defendant HLT hired Picerno as a Hearing Instrument Specialist on or around May 14, 2014.

12. Defendant HLT assigned Picerno to work at a kiosk located in Defendant Sam's Bloomington, Indiana location.

13. At all times, Defendants both retained and exercised sufficient control over the terms and conditions of Picerno's employment so as to constitute joint employers.

14. The hearing aid products that Picerno sold at Sam's were the property of Sam's.

15. At all relevant times, Picerno's work performance met Defendants' reasonable expectations.

16. At all relevant times, Picerno was a qualified individual with a disability, record of disability, and/or perceived disability, *viz.* hearing loss, for which Picerno wears hearing aids.

17. At all times, Defendants were aware of Picerno's disability, record of disability, and/or perceived her as having a disability.

18. On September 8, 2016, Defendants terminated Picerno from her employment.

19. Defendants alleged that Picerno violated a company policy prohibiting allowing customers to take property from Sam's without paying.

20. Picerno was unaware that the customers who took property without paying had done so, and she worked diligently to locate the customers and secured the return of the policy.

21. Defendant Sam's informed Defendant HLT that it no longer wanted Picerno to work at its Bloomington, Indiana location.

22. Defendants have accorded more favorable treatment to individuals without a disability, record of disability, and/or perceived disability, including but not limited to failing to discipline or imposing less severe discipline for the same or similar conduct.

23. Any reason given by Defendants for the adverse employment actions taken against Picerno is pretextual.

24. Defendants discriminated against Picerno because of her disability, record of disability, and/or perceived disability.

25. Picerno has suffered and continues to suffer injuries as a result of Defendants' discriminatory actions.

26. Defendants have violated Picerno's rights as protected by the ADA.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Suzanne Picerno, by counsel, respectfully requests that the Court find for her and order that Defendant:

a. Reinstate Picerno to the same position, salary, and seniority, or in the alternative, to pay Picerno front pay in lieu of reinstatement;

b. Pay lost wages and benefits to Picerno;

c. Pay compensatory and punitive damages to Picerno;

d. Pay pre- and post-judgment interest to Picerno;

e. Pay Picerno's reasonable costs and attorney fees incurred in pursuing this matter; and

f. Provide to Picerno any and all other legal and/or equitable relief that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Samuel M. Adams*
Samuel M. Adams, Attorney No. 28437-49

**JURY DEMAND**

Plaintiff respectfully requests a jury trial for all issues deemed triable.

                                  Respectfully submitted,

                                  *s/ John H. Haskin*
                                  John H. Haskin, Attorney No. 7576-49

                                  Attorney for Plaintiff
                                  Suzanne Picerno

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:     (317)955-9500
Facsimile:     (317)955-2570
Email:         jhaskin@jhaskinlaw.com
               sadams@jhaskinlaw.com